### Vanhorn v. Stroup.

*Justice of the peace—Appeals—Defective affidavit—Bond—Perfecting appeal—Practice, C. P.*

1. The affidavit for an appeal from a judgment of a justice of the peace, while properly averring that the appeal is not for delay, is defective if it avers that "deponent believes he will be compelled to pay more money than is justly due if the judgment be carried into effect."

2. In such case deponent should aver that "he verily believes that injustice has been done."

3. A bond on appeal is defective which binds the obligors only in case of trial.

4. The remedy for such defects is by rule to perfect the appeal and not by motion to strike it off.

Appeal from justice of the peace. C. P. Snyder Co., Dec. T., 1920, No. 2.

*A. F. Gilbert*, for plaintiff; *H. H. Grimm*, for defendant.

A. W. JOHNSON, P. J., Nov. 23, 1921.—The plaintiff has filed two exceptions to the defendant's appeal from the judgment of the justice of the peace. The exceptions do not specify wherein the appeal is defective, but, in examining the affidavit and the bond filed, we find that neither the affidavit nor the bond complies in form with the requirements of the law. In the affidavit the defendant says: "That the appeal in the above case is not taken for the purpose of delay, but because deponent believes that he will be compelled to pay more money than is justly due if the judgment be carried into effect." The affidavit should contain these words: "That the appeal is not for delay, but because he verily believes that injustice has been done."

The bond is also defective. It binds the obligors only in case of trial. It should bind them to payment of debt, interest and costs that have and will accrue on affirmance of the judgment.

But the remedy is not to strike off the appeal, but to have the appeal perfected before any procedure in the case.

In Means v. Trout, 16 S. & R. 349, it was held that if the recognizance given on appeal from the award of arbitrators or a justice of the peace be defective, the party should be called on by a rule to perfect his bail within a given period or, in default thereof, to have his appeal dismissed; the court ought not to quash the appeal in the first instance.

The motion to strike off the appeal in this case will be dismissed, but the defendant may be called on by rule to perfect his affidavit and his bail within fifteen days from the filing of this opinion, or the defendant may perfect his affidavit and his bail within fifteen days from the filing of this opinion.

And now, Nov. 23, 1921, the motion to strike off the appeal is dismissed and the plaintiff is allowed fifteen days from the filing of this opinion to call on the appellant by a rule to perfect his affidavit and bail as herein specified, or the defendant may so perfect his affidavit and bail within the said time.

From M. I. Potter, Middleburg, Pa.